UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

IN RE:  CHAPTER 13
 CASE NO.: 1:22-bk-01438-HWV

Phyllis Jean Myers,

    Debtor,

_____/  Hearing Date: September 30, 2025
 Hearing Time: 9:30AM
MORTGAGE ASSETS MANAGEMENT, LLC, Hearing Location: 1501 North 6th
 Street, Harrisburg, Pennsylvania
    Movant, 17102

v.

Phyllis Jean Myers,

Jack N Zaharopoulos- Trustee,

    Respondents.

_____/

## MOTION OF MORTGAGE ASSETS MANAGEMENT, LLC FOR RELIEF FROM AUTOMATIC STAY

Movant, Mortgage Assets Management, LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Phyllis Jean Myers, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on August 4, 2022.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On July 14, 2011, Phyllis J. Myers executed and delivered a Promissory Note ("Note") and a Reverse Mortgage ("Mortgage") securing payment of the Note in the amount of $210,000.00 to MetLife Home Loans, A Division of MetLife Bank, N.A. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on July 26, 2011 in Book 2135 at Page 2425 of the Public Records of York County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the property located in York commonly known as 3180 Barley Circle, Dover, PA 17315.

6. The loan was lastly assigned to Mortgage Assets Management, LLC and said Assignment of Mortgage was recorded with the York Recorder of Deeds on July 26, 2011 in Book 2135 Page 2425 Instrument Number 2011034497. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C".

7. Based upon the Debtor(s)' Sixth Amended Chapter 13 Plan (Docket No.{__76__}), the Debtor intends to cure Movant's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Movant. A true and correct copy of the Debtor(s)' Sixth Amended Chapter 13 Plan is attached hereto as Exhibit "D."

8. Upon review of internal records, Debtor has failed to maintain Property Taxes in the amount of $2,767.13 advanced on January 13, 2025. See Exhibit "E."

9. Thus, Debtor(s)' post-petition arrearage totaled the sum of $2,767.13 as of July 15, 2025.

10. As of July 15, 2025 the current unpaid principal balance due under the loan

documents is approximately $98,329.64. Movant's total claim amount, itemized below, is approximately $170,526.93. See Exhibit "F."

| | |
|---|---|
| Principal Balance | $98,329.64 |
| Interest | $54,642.17 |
| MIP | $12,226.67 |
| Corporate Advances | $4,823.15 |
| Intra Month Per Diem Total | $505.30 |
| Total to Payoff | $170,526.93 |

11. According to the Debtor(s)' schedules, the value of the property is $149,200.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

13. As set forth herein, Debtor defaulted on their secured obligation as Debtor failed to maintain tax payments.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

15. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: August 13, 2025

**Robertson, Anschutz, Schneid, Crane
& Partners, PLLC**
Attorney for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
By: /s/ Robert Shearer
Robert Shearer, Esquire
PA Bar Number 83745
Email: rshearer@raslg.com